Maryland Pikesville Distillery, Inc. v. Commissioner.
Maryland Pikesville Distillery, Inc. v. Commissioner
Docket No. 745.
United States Tax Court
1944 Tax Ct. Memo LEXIS 207; 3 T.C.M. (CCH) 542; T.C.M. (RIA) 44202; June 8, 1944
*207 Joshua W. Miles, Esq., for petitioner. Philip A. Bayer, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined deficiencies for 1938, 1939 and 1940, in income tax of $1,049.40, $1,064.36 and $1,251.54, in declared value excess profits tax of $963.91, $856.08 and $799.07, and in personal holding company surtax of $1,635.86, $1,392.64 and $2,317.87, and penalties for failure to file personal holding company returns on Form 1120H of $408.97, $348.16 and $579.47. The petitioner assails the disallowance of deductions in 1938, 1939 and 1940 of $8,031.19, $8,141.06 and $8,075, as salaries paid to officers. Petitioner conceded that it was a personal holding company. [The Facts] The petitioner was incorporated under the laws of Maryland in 1933. Of its 1,000 authorized no par value shares, 100 shares were issued to and outstanding in the name of Joseph V. Flaccomio. Of these 100 shares, 75 were owned by Joseph V. Flaccomio, president, and 25 were owned by his father, Vincent Flaccomio, secretary and treasurer. The business of petitioner during 1938, 1939 and 1940, was receiving royalties for the - "exclusive right and privilege in and *208 to the use and enjoyment of the good will, trade mark and trade name 'PIKESVILLE' as registered in the United States Patent Office Trade Mark No. 324,792, and 'MARYLANDPIKESVILLE DISTILLERY, INCORPORATED' to the complete exclusion of all others throughout the United States for whiskey or distilled spirits * * *" under a written contract with Standard Distillers Products, Inc., of Baltimore, Maryland, made in January, 1936. For the years in question petitioner filed its income and excess profits tax returns at Baltimore, Maryland, showing - Gross Income
1938
1939
1940
Royalties
$8,084.00
$8,174.06
$8,250.75
Deductions
Compensation of
officers
8,031.19
8,141.06
8,075.00
Taxes
15.00
15.00
74.55
Other deductions
35.00
18.00
Total deductions
8,081.19
8,174.06
8,149.55
Net income
$ 2.81
$ None
$ 101.20 The amounts paid as compensation to officers were as follows: 1938
1939
1940
Vincent Flaccomio
$2,445.00
$2,126.86
$2,975.00
Joseph V.
Flaccomio
5,586.19
6,014.20
5,100.00
During the years in question Joseph Flaccomio operated a retail liquor store in Baltimore, which was open from 8:30 a.m. to 10:00 p.m. He had one employee to whom *209 he paid about $25 a week, increased later to about $35 a week. The office of petitioner was at the store and was used by Joseph Flaccomio in his business. Vincent Flaccomio assisted in the son's business about three hours daily. Both father and son spent some of their time - the father about three-fourths of his time and the son one-half - in doing "missionary work" in promothing a demand for Pikesville whiskey. They too, no orders for Standard, which had its own salesmen and advertised Pikesville whiskey at its own expense. Petitioner was not required by the written contract with Standard to advertise or render any services in promoting sales of Pikesville whiskey. Of the amounts paid to Joseph Flaccomio, president, and Vincent Flaccomio, secretary and treasurer, a reasonable allowance for salaries or other compensation for personal services actually rendered is $900 to both officers for each year and no more, - $600 to Joseph Flaccomio and $300 to Vincent Flaccomio. In explanation of the disallowance of the deduction of officers' salaries, $8,031.19 for 1938, the Commissioner, in the notice of deficiency, said "Deductions claimed in the returns for 1938, 1939, and 1940, as salaries *210 paid to officers of the corporation have been disallowed, as the evidence of record fails to show that the payments represented either ordinary and necessary expenses incurred in carrying on a trade or business, or were reasonable allowances for salaries for the services rendered. Section 23 (a) of the Revenue Act of 1938 and the Internal Revenue Code." This was repeated for 1939 and 1940. The taxpayer alleges that the payments were salaries for services actually rendered for the corporation, were reasonable, and were ordinary and necessary business expenses. The evidence, in our opinion, does not establish that the amounts were paid as salaries, or that the amounts paid to the officers were reasonable compensation for services performed, or that the amounts were ordinary and necessary expenses of carrying on the taxpayer's business. The evidence shows that both the officers, who were the only shareholders, after in an earlier year negotiating a contract with Standard Distillers for the license of trade brand of Pikesville whiskey, exerted themselves in bar rooms to stimulate the demand for that whiskey so that the place would keep the whiskey on its shelves for sale. In this way *211 they expected to effect an increase in the sale of the whiskey and thereby, presumably increase the taxpayer's income from royalties, which was its only source of income. To say that the taxpayer, out of a gross income in 1938 of $8,084, and substantially similar amounts in 1939 and 1940, was reasonable in paying compensation for such service of $8,031.19 would be wholly lacking in reason and good sense. Indeed it may be seriously doubted whether, since there was no contractual duty to Standard to assist in selling the whiskey, any amount spent by this taxpayer for such kind of service was an ordinary and necessary expense of carrying on the taxpayer's business. Although the officers are not shown to have performed any other service for the taxpayer, they were no doubt required to perform some service, even though merely as president, secretary and treasurer. Since the "inexactitude is of the taxpayer's own making", the recognition of an allowance must bear heavily upon it. . In that view, the finding has been made that $900 for each year is properly to be allowed as the total deductible expense of *212 officers' salaries. , affirmed, ; ; . The taxpayer conceded at the opening of the trial, as indeed it reasonably must, that it was a personal holding company within the definition of the statute, and it filed no personal holding company return. The personal holding company tax and the penalties are therefore sustained. Without properly pleading, it now seeks a dividends paid credit for the amount disallowed as officers' compensation. There is no evidence, however, upon which a finding could be made that the amount so paid as compensation was in fact a dividend, so we must leave that matter undecided, unless it be voluntarily settled. Since a deduction of $900 in each year is properly to be allowed, Decision will be entered under Rule 50.